**BANNER INDUSTRIES, INC.,**
**Plaintiff/Counterdefendant,**

v.

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and its present Trustees in their capacity as Trustees, Defendants/Counterclaimants,**

**and**

**Pepsico, Inc., et al., Defendants.**

No. 86 C 3046.

United States District Court,
N.D. Illinois, E.D.

April 10, 1987.

Roger L. Taylor, Carl L. Taylor, Thomas D. Yannucci, Kenneth N. Bass, Kirkland & Ellis, Washington, D.C., for plaintiff/counterdefendant.

Neil Quinn, Richard Waris, Mary Anne Capron, Pretzel & Stouffer, Chtd., Deborah Fabricant, Stanley J. Adelman, Rudnick & Wolfe, Richard S. Huszagh, Edward J. Calihan, Jr., Chicago, Ill., Thomas C. Nyhan, Stanley J. Brown, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., John R. Climaco, John Masters, John A. Peca, Jr., Thomas L. Colaluca, Climaco Climaco Seminatore, Lefkowitz & Garofoli, Cleveland, Ohio, for defendants.

## ORDER

PLUNKETT, District Judge.

In a memorandum opinion and order dated March 25, 1987, 657 F.Supp. 875, this court dismissed Count I of Banner Industries' complaint and referred the issues raised in Count I to arbitration. The court also held that Banner had not waived its right to initiate arbitration.

At a hearing before the court on March 27, 1987, Banner and Central States each sought certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The court is of the opinion that its order referring Count I of Banner's complaint to arbitration and holding that Banner's time for initiating arbitration had not expired involves controlling questions of law as to which there is substantial ground for difference of opinion. The court further concludes that an immediate appeal of these questions may materially advance the ultimate termination of this litigation. Should the court of appeals decide that this court, rather than an arbitrator, should adjudicate the issues raised in Count I, there would be no need for the arbitration proceeding. Alternatively, should the court of appeals decide that the issues raised belong in arbitration but that Banner's failure to initiate arbitration within the time limits constitutes a waiver of any of its defenses, there would be no need to address any issue regarding Banner's liability to Central States.

Accordingly, this court hereby amends its memorandum opinion and order of March 25, 1987 to incorporate this order and to certify the following two issues to the Seventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b):

1. Whether a corporation which, together with its subsidiary, was admittedly a control group employer under MPPAA and, as such, required by MPPAA to arbitrate any challenges to its withdrawal liability arising from the subsidiary's withdrawal, remains subject to MPPAA's arbitration requirement when that corporation has divested itself of control of the subsidiary prior to the subsidiary's withdrawal.

2. Whether, assuming arbitration is required, Banner's filing of a lawsuit in federal court raising the issue whether, under these circumstances, a party is subject to MPPAA's mandatory arbitration procedures, an issue not previously decided by the court of appeals, may toll the time period for initiation of that arbitration.